IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00632-GPG

JERRY D. STOROVICH,

      Applicant,

v.

GRANT COUNTY, NEBRASKA, and
STATE OF NEBRASKA,

      Respondents.

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

Applicant, Jerry D. Storovich, is a prisoner in the custody of the Colorado

Department of Corrections.  Mr. Storovich has filed *pro se* an Application for a Writ of

Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1).  The court must construe

the application liberally because Mr. Storovich is not represented by an attorney.  *See*

*Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110

(10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.

*See Hall*, 935 F.2d at 1110.

Mr. Storovich asserts eight claims for relief in the application.  Five of the eight

claims, claims 1-4 and 8, relate to criminal charges pending against him in Grant

County, Nebraska.  Mr. Storovich alleges in these claims that, although he requested

final disposition of the pending Nebraska charges under the Interstate Agreement on

Detainers Act ("IAD") in February 2014, he has not been brought to trial in Nebraska

and the charges remain pending.  Mr. Storovich also asserts two claims in the

application, claims 5 and 7, in which he challenges the conditions of his confinement in Colorado.  Mr. Storovich contends in claim 5 that he has been denied drug and alcohol treatment because of the pending Nebraska charges and he contends in claim 7 that his medical needs have not been addressed because of the pending Nebraska charges.  Mr. Storovich finally contends in claim 6 that he was denied parole in Colorado in December 2014 because of the pending Nebraska charges.  As relief Mr. Storovich asks that the Nebraska hold and detainer be lifted and that the criminal case in Grant County, Nebraska, be dismissed with prejudice.

Mr. Storovich's claims under the IAD seeking dismissal of the pending Nebraska criminal charges may not be raised in the District of Colorado because the District of Colorado lacks jurisdiction over the Nebraska respondents.  Pursuant to 28 U.S.C. § 2241(a), a writ of habeas corpus may be granted by "the district courts and any circuit judge within their respective jurisdictions."  The United States Supreme Court has interpreted this provision as requiring jurisdiction over the applicant's custodian because "[t]he writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."  *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494-95 (1973).

The proper respondent in a habeas corpus action is "the person who has custody over [the applicant]."  28 U.S.C. § 2242; *see also* 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained.").  In most cases, there is "only one proper respondent to a given prisoner's habeas petition," and the proper respondent generally is "the warden of facility where the prisoner is being held."  *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004).

2

However, "the immediate physical custodian rule, by its terms, does not apply when a habeas petitioner challenges something other than his present physical confinement." *Id*. at 438.  Instead, a habeas applicant "who challenges a form of 'custody' other than present physical confinement may name as respondent the entity or person who exercises legal control with respect to the challenged 'custody.'" *Id*.  For example, the prisoner in *Braden* was serving a sentence in an Alabama prison pursuant to an Alabama conviction but he was challenging a detainer lodged against him in Kentucky state court.  *See Braden*, 410 U.S. at 486-87.  The Supreme Court held that the Kentucky court, rather than the Alabama warden, was the proper respondent because the Alabama warden was not "the person who [held] him in what [was] alleged to be unlawful custody." *Id*. at 494-95.  Thus, if Mr. Storovich wishes to pursue in federal court his claims challenging the validity of the State of Nebraska criminal charges he alleges are pending against him, he must raise those claims in the United States District Court for the District of Nebraska.  It is not clear whether such claims properly may be raised in the District of Nebraska at this time or whether Mr. Storovich still must exhaust state remedies.

To the extent Mr. Storovich may be challenging adverse effects of the Nebraska detainer on the execution of his Colorado sentence by Colorado prison officials, such claims may be raised in a habeas corpus action in the District of Colorado against a proper Colorado respondent.  It appears that Mr. Storovich's claim challenging the denial of his parole arguably may present a cognizable habeas corpus claim properly raised in the District of Colorado.  It is not clear whether Mr. Storovich's claims regarding drug and alcohol treatment and medical care properly may be raised in a

habeas corpus action or whether those claims relate solely to the conditions of his confinement and must be raised in a separate action against the persons who allegedly have denied him drug and alcohol treatment and medical care.  Although the court must construe the application liberally, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

For these reasons, Mr. Storovich must file an amended application against a proper Respondent if he wishes to pursue any habeas corpus claims in the District of Colorado regarding the execution of his Colorado sentence.  Habeas corpus relief is warranted only if Mr. Storovich "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, which apply to this habeas corpus action under § 2241, Mr. Storovich must provide specific factual allegations in support of the federal claims he is asserting.  These habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading.  *See Mayle v. Felix*, 545 U.S. 644, 655 (2005).  "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'"  *Id.* at 656 (quoting 28 U.S.C. § 2243).  Naked allegations of constitutional violations are not cognizable in a habeas corpus action.  *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).  Accordingly, it is

ORDERED that, **within thirty (30) days from the date of this order**, Mr.

4

Storovich file an amended application that complies with this order if he wishes to pursue any federal claims regarding the execution of his Colorado sentence.  It is

FURTHER ORDERED that Mr. Storovich shall obtain the appropriate, court-approved habeas corpus application form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Storovich fails within the time allowed to file an amended application that complies with this order, the action will be dismissed without further notice.

DATED April 6, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

_____
United States Magistrate Judge